UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REDWIN WILCHOMBE,  :

    Plaintiff,  :

                        CIVIL ACTION NO.

v.  :

                        1:04-CV-1775-MHS

TEEVEE TOONS, INC. d/b/a  :
TVT RECORDS, et al.,

                        :

    Defendants.

                        :

**ORDER**

Presently before the Court is defendants' motion to dismiss plaintiff's amended complaint. For the reasons set forth below, the Court grants in part and denies in part defendants' motion.

Background

Plaintiff Redwin Wilchombe has brought suit against defendants TeeVee Toons, Inc., d/b/a TVT Records ("TVT"), BME Recordings, LLC, Jonathan Smith, p/k/a Lil Jon, Wendell Neal, p/k/a Lil Bo, and Sammie Norris, p/k/a Big Sam. On March 3, 2006, the Court granted plaintiff leave to amend his complaint. Plaintiff's amended complaint sets forth the claims of copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101, et seq., false advertising or

AO 72A
(Rev.8/82)

promotion pursuant to Section 43(a)(1)(B) of the Lanham Act, and breach of fiduciary duty.

Plaintiff alleges that defendants unlawfully used the song entitled "Tha Weedman," including its musical composition and sound recording, on defendants' album, "Kings of Crunk." Plaintiff avers that he had a copyright in "Tha Weedman" and that defendants did not obtain plaintiff's license, authority, permission, or consent before defendants used "Tha Weedman" on their album. Plaintiff contends further that defendants received millions of dollars in profits by manufacturing, distributing, marketing, advertising, promoting, and selling their album with the song "Tha Weedman" and that plaintiff received no compensation whatsoever. Pursuant to the Lanham Act, plaintiff contends that defendants willfully and falsely advertised or promoted plaintiff's song. Plaintiff claims that defendants intentionally breached fiduciary duties by willfully failing and refusing to account to plaintiff for plaintiff's share of profits from the sale and other commercial exploitation of plaintiff's song.

AO 72A
(Rev.8/82)

Discussion

Defendants now move to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). The only concern of the Court at this stage is whether, construing the complaint in the light most favorable to plaintiff, Hargrave v. McKinney, 413 F.2d 320 (5th Cir. 1969), plaintiff will be able to prove a set of facts in support of his claims which would entitle him to relief. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). The complaint need not, and indeed should not, plead evidence. In Re Beef Antitrust Litigation, 600 F.2d 1148 (5th Cir. 1979), cert. denied, 449 U.S. 905 (1980). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In addition, the Court may consider documents which are central to the plaintiff's claims and which plaintiff refers to in the complaint as part of the pleadings for a Rule 12(b)(6) motion to dismiss. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

Regarding plaintiff's state law claim for breach of fiduciary duty, defendants argue that plaintiff's claim fails because he has not alleged any actual

fiduciary or confidential relationship between plaintiff and defendants nor alleged that any breach proximately caused damage to him. Defendants further argue that plaintiff cannot now rely on contracts that were not attached or even mentioned in plaintiff's amended complaint for his breach of fiduciary duty claim, and that even if the Court were to consider such contracts, there is nothing in any contract between defendants TVT Records and Lil Jon which would possibly suggest a fiduciary relationship between plaintiff and defendants. Finally, defendants contend that plaintiff cannot assert both that he was the sole creator and owner of the song and that he was also a co-owner of the work.

Plaintiff argues in response that he was the sole author and creator of "Tha Weedman." However, plaintiff contends that assuming for argument only that defendants are correct that defendant Lil Jon was a co-author of plaintiff's song, then plaintiff has a substantial tort claim against defendant TVT Records for willful breach of fiduciary duties. Plaintiff explains that contracts between defendants Lil Jon and TVT Records show that TVT Records became a co-owner of the song with plaintiff, and therefore as a co-owner, TVT Records has an absolute duty of a fiduciary nature to account to plaintiff for all profits.

Plaintiff's argument in his response brief for his breach of fiduciary duty claim rests entirely on the existence of contracts between defendants Lil Jon and TVT Records. However, the Court may not consider these contracts on a motion to dismiss because they were not referred to, or even mentioned in, plaintiff's amended complaint. See Brooks, 116 F.3d at 1369; see also Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (on a motion to dismiss, the court limits its consideration to the pleadings and exhibits attached thereto).

Instead, to support his claim for breach of fiduciary duty, plaintiff alleges only the following in his amended complaint: "[D]efendants willfully fail[ed] and refus[ed] to account to plaintiff for plaintiff's share of profits from the sale and other commercial exploitation of plaintiff's song, musical composition and sound recording by the defendants." Am. Compl. ¶ 3. To establish a claim for breach of fiduciary duty, plaintiff must prove the following three elements: "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." SunTrust Bank v. Merritt, 272 Ga. App. 485, 489 (2005). A fiduciary duty is established under Georgia law where the parties enjoy a confidential relationship. Harris v. Fulton-DeKalb Hosp. Authority, 255 F. Supp. 2d 1347, 1375 (N.D. Ga. 2002).

5

> Any relationship shall be deemed confidential, whether arising from nature, created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc.

O.C.G.A. § 23-2-58. A confidential relationship is never presumed, and previous business relations and the resultant trust are not sufficient to establish a fiduciary relationship. U.S. for Use and Benefit of Meva Corp. v. Ne. Constr. Co. of W. Va., 298 F. Supp. 1135, 1141 (S.D. Ga. 1969).

Plaintiff has not alleged in his amended complaint that any fiduciary or confidential relationship existed between him and defendants nor any facts upon which a fiduciary or confidential relationship could be implied. Conclusory allegations that defendants breached fiduciary duties without any supporting factual assertions will not suffice to prevent dismissal. See Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). Accordingly, the Court dismisses plaintiff's claim for breach of fiduciary duty.

Next, defendants move to dismiss plaintiff's claim for false advertising under Section 43 of the Lanham Act. This section imposes liability against a

AO 72A
(Rev.8/82)

person who "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods." 15 U.S.C. § 1125(a)(1)(B). Defendants move to dismiss this claim because they argue that at its core, regardless of the title plaintiff gives to it, this is a claim that defendants "passed off" plaintiff's work as their own, or a false origin claim pursuant to 15 U.S.C. § 1125(a)(1)(A). Defendants contend that plaintiff's claim for false origin cannot survive under the U.S. Supreme Court's decision in <u>Dastar Corp. v. Twentieth Century Fox Film Corp.</u>, 539 U.S. 23 (2003). Defendants argue that plaintiff cannot "shoe-horn his claim" into the language of a false advertising claim when it is really a false origin claim.

Plaintiff argues in response that his claim is not a false origin claim but is a false advertising and promotion claim for defendants' false advertising and promotion of the song "Tha Weedman" as being created and performed solely by defendants.

Plaintiff alleges in his amended complaint that defendants falsely advertised and promoted plaintiff's song and musical composition through promotions and advertising about the album and in the materials distributed with the album, as a

7

song and musical composition written, composed, and created by defendants Lil Jon and Sammie Norris. Plaintiff also alleges in the amended complaint that defendants falsely advertised and promoted plaintiff's sound recording of the song as a performance by defendants Lil Jon and the Eastside Boyz. Viewing plaintiff's amended complaint in the light most favorable to plaintiff and accepting the allegations as true, it is not beyond doubt that plaintiff can prove no set of facts to support of his claim of false advertising and promotion. Although it may turn out that plaintiff's claim for false advertising and promotion is nothing more than a claim for false origin, at this stage of the proceedings and without further evidence the Court cannot state that it is beyond doubt that plaintiff will not be able to prove his false advertising or promotion claim.

Finally, defendants move to dismiss plaintiff's claim for copyright infringement. Defendants argue that in two cease-and-desist letters sent by plaintiff's counsel to defendants, plaintiff stated that he was a "co-author" of certain copyright interest in the musical composition of "Tha Weedman." Plaintiff referred to these cease-and-desist letters in his amended complaint. Defendants argue that these two letters are a binding admission by plaintiff that he was a co-

author of the work. Defendants contend that the Court should dismiss plaintiff's claim for copyright infringement because "co-authors" cannot infringe.

Plaintiff argues in response that the statement in the cease-and-desist letters about plaintiff being a co-author was "erroneous." Plaintiff contends that he has alleged in the amended complaint that he was sole author of the song and the sole creator of the musical composition and sound recording. He argues that his work was not intended to be a "joint work" by plaintiff and defendant Lil Jon and that based upon a full review of the evidence the Court will be able to conclude that plaintiff was the sole owner of the copyright in and to plaintiff's song.

The Court is left with an inconsistency: on the one hand there is an admission by plaintiff that he is the co-author and on the other hand there is an allegation by plaintiff in the amended complaint that he is the sole author. However, on a motion to dismiss, the Court is required to accept the allegations in the complaint as true and to view the complaint in the light most favorable to plaintiff. Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). When reviewing the complaint under this standard, it is not beyond doubt that plaintiff

will be able to prove a set of facts to support his claim for copyright infringement.

Conclusion

For foregoing reasons, the Court GRANTS IN PART and DENIES IN PART defendants' motion to dismiss [#176] and DISMISSES plaintiff's state law claim for breach of fiduciary duty.

IT IS SO ORDERED, this 2 day of June, 2006.

---

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)