FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 0 2 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REDWIN WILCHCOMBE, :

    Plaintiff, :

v. : CIVIL ACTION NO.

: 1:04-CV-1775-MHS

TEEVEE TOONS, INC. d/b/a :
TVT RECORDS, et al.,

:

    Defendants.

:

## ORDER

Presently before the Court is plaintiff's emergency motion to vacate. On January 26, 2007, the Court granted defendants' motion for summary judgment and dismissed this case. On January 31, 2007, plaintiff filed an emergency motion to vacate the Court's Order granting defendants' motion for summary judgment as well as a motion for reconsideration of the Court's Order granting defendants' motion for summary judgment.

Plaintiff argues that the Court should vacate its Order so that the Court can have sufficient time to fully consider plaintiff's motion for reconsideration. Plaintiff contends that it must file an appeal within thirty days, and therefore, if the

Court vacates its Order, the Court can take as much time as it desires to fully consider plaintiff's motion to reconsider.

In his motion for reconsideration, plaintiff does not state which rule he is proceeding under. However, it is clear that plaintiff seeks to alter or amend the judgment pursuant to Fed. R. Civ. P. 59. Rule 4(a)(4)(A) of the Appellate Rules of Procedure provides that if a party timely files in the district court a motion to alter or amend the judgment under Rule 59, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion. Jackson v. Crosby, 375 F.3d 1291, 1295 (11th Cir. 2004) (a timely motion to alter or amend the judgment automatically tolls the thirty-day period to appeal, so that it begins to run from the date of the order denying the motion); Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1323 (11th Cir. 1996); Livernois v. Med. Disposables, Inc., 837 F.2d 1018, 1020 (11th Cir. 1988). Therefore, plaintiff's time to file an appeal is tolled until the Court issues an order on plaintiff's motion for reconsideration, and thus, there is no reason for the Court to vacate its Order granting defendants' motion for summary judgment.

2

Accordingly, the Court DENIES plaintiff's emergency motion to vacate the Court's Order [#221].

IT IS SO ORDERED, this 2nd day of February, 2007.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)